IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| DORVELL GOGINS, M03439, | ) |
| Plaintiff, | ) ) ) ) |
| vs. | ) ) |
| ROB JEFFREYS, SCOTT THOMPSON, BART TOENNIES, BRANDON WESTBROOK. | ) ) ) ) ) ) |
| Defendants. | ) |

Case No. 21-cv-1201-DWD

## MEMORANDUM AND ORDER

**DUGAN, District Judge:**

Plaintiff Dorvell Gogins, an inmate of the Illinois Department of Corrections (IDOC), brings this civil rights action pursuant to 42 U.S.C. § 1983 for alleged deprivations of his constitutional rights at Centralia Correctional Center (Centralia). (Doc. 1). Plaintiff alleges that his rights have been violated because he has been in a "limited movement" cell for more than five months without due process. He seeks declaratory and monetary relief.

Plaintiff's Complaint (Doc. 1) is now before the Court for preliminary review pursuant to 28 U.S.C. § 1915A. Under Section 1915A, the Court is required to screen prisoner complaints to filter out non-meritorious claims. *See* 28 U.S.C. § 1915A(a)-(b). Any portion of a complaint that is legally frivolous, malicious, fails to state a claim upon which relief may be granted, or asks for money damages from a defendant who by law is immune from such relief must be dismissed. 28 U.S.C. § 1915A(b). At this juncture,

the factual allegations of the *pro se* complaint are to be liberally construed. *Rodriguez v. Plymouth Ambulance Serv.*, 577 F.3d 816, 821 (7th Cir. 2009).

## The Complaint

Plaintiff alleges that on April 13, 2021, he was released from segregation after 28 days, but upon release the segregation officer told him he was being moved to the "limited movement housing unit." (Doc. 1 at 5). He alleges that the limited movement status means he has limited access to rehabilitation, a job, or leisure activities. He is forced to live in a cell alone and he has to be escorted everywhere. He also alleges that he cannot earn good time credit as a result of his status because his was unable to complete a career tech class. He claims that the Adjustment Committee did not sentence him to limited movement status, and he has not had any periodic review of his placement. He further alleges that this status is not listed as a potential punishment in the Centralia Orientation Manual.

Plaintiff claims that prior to segregation he was "A-grade" status, which gave him access to all institutional privileges. He claims that the deprivation of these privileges is a violation of the Fourteenth Amendment and Equal Protection.

## Analysis

Plaintiff's Complaint is insufficient for one major reason. Plaintiff has not clearly described the personal actions of each individual defendant. To state a valid § 1983 claim, a plaintiff must establish that a defendant was personally responsible for the deprivation of a constitutional right. *Gentry v. Duckworth*, 65 F.3d 555, 561 (7th Cir. 1995). Here, Plaintiff has not mentioned any of the defendants by name in the factual allegations of

his complaint. If a defendant is named in the caption of a case, but no claim is presented against that defendant in the body text, the claim may be dismissed without prejudice as to that defendant. *See Black v. Lane*, 22 F.3d 1395, 1401 n. 8 (7th Cir. 1994) (it is appropriate to dismiss a defendant if he is named, but there is no sufficient allegation of personal involvement). Plaintiff needs to describe each defendant's personal role in violating his constitutional rights.

With an opportunity to amend, it is possible that Plaintiff could state a valid claim concerning the conditions of his confinement. The Court will allow Plaintiff an opportunity to amend his complaint with the benefit of the information discussed in this Order. If Plaintiff chooses to amend, he should carefully describe the personal actions of each person he names as a defendant. Plaintiff will have 30 days from the date of this Order to file an Amended Complaint. The Amended Complaint will completely replace the earlier complaints. *See Flannery v. Recording Indus. Ass'n of Am.*, 354 F.3d 632, 638 n. 1 (7th Cir. 2004). Failure to submit an Amended Complaint on time could result in the dismissal of this entire lawsuit for failure to state a claim or failure to prosecute. FED. R. CIV. P. 41(b); *Ladien v. Astrachan*, 128 F.3d 1056-57 (7th Cir. 1997) (dismissal is allowed for failure to comply with a court order); 28 U.S.C. § 1915A.

## Pending Motions

Plaintiff filed a motion for recruitment of counsel at the time he filed his case. (Doc. 4). In his motion, Plaintiff requests the assistance of counsel because he alleges that his mental state has deteriorated as a result of his limited movement confinement. Plaintiff

also indicated that he had completed some college education, and that he attempted to contact attorneys for assistance on his own behalf. The Court understands Plaintiff's concerns, but at this early stage the Plaintiff is doing a fine job representing himself. His complaint is clear and organized. *See Pruitt v. Mote*, 503 F.3d 647, 655 (7th Cir. 2007) (the decision to appoint counsel depends on the difficulty of the case and plaintiff's competency to represent him or herself). The case is not yet at a level of complexity that requires assistance. If the Plaintiff runs into problems litigating his case as things progress he may renew his request for counsel at a later time. For now, Plaintiff's motion for counsel will be **DENIED** without prejudice.

Plaintiff also has a pending Motion Service of Process at Government Expense. (Doc. 3). This motion is unnecessary. Plaintiff has been granted *in forma pauperis* status, so if his case proceeds beyond initial review, service will be directed at Court expense. Plaintiff's Motion for Service (Doc. 3) will be **DENIED** as moot.

## Disposition

Plaintiff is **DIRECTED** to file an Amended Complaint within 30 days of this Order. To assist him with preparing an amended complaint, the Clerk of Court is directed to mail Plaintiff a copy of the standard civil rights complaint form along with this Order. If Plaintiff fails to file an amended complaint, his case may be dismissed for failure to state a claim or failure to prosecute.

Plaintiff's Motion for Counsel (Doc. 4) is **DENIED** without prejudice.

Plaintiff's Motion for Service at Government Expense (Doc. 3) is **DENIED** as moot.

**IT IS SO ORDERED.**

Dated: March 25, 2022                               /s *David W. Dugan*

                                                                    _____
                                                                    DAVID W. DUGAN
                                                                    United States District Judge